### EARLY COUNTY v. JONES.

In order for a justice of the peace to be entitled to compensation for holding an inquest upon a dead body, he must make it affirmatively appear that he rendered the service under circumstances which gave him the legal right to act as coroner, namely, that there was no coroner in office or that he was absent from the county when needed or would not or could not take the inquest.
August 14, 1894.                                    *Judgment reversed.*

*Certiorari.* Before Judge GRIGGS. Early superior court. October term, 1893.

Jones, a justice of the peace, sued the county for $10 for holding an inquest, and obtained a verdict and judgment which were sustained on *certiorari.* He was requested by a son of Lofton to go and hold an inquest on the body of Lofton, who had died by violence, and went nine miles to the place. He returned to Blakely, and hearing that no inquest had been held, ordered the sheriff to summon a jury, and proceeded again to the place to hold the inquest as desired. For defendant, the coroner testified that he was in the county at the time, and could and would have held the inquest had he been informed of the death of Lofton.

R. H. SHEFFIELD and W. D. KIDDOO, for plaintiff in error. R. H. POWELL & SON, *contra.*